### No. 800
### PRIORITY MTG. & INV. CO. v. FLESARIU et al

Ohio Appeals, 9th Dist., Summit County
No. 866½. Decided October 23, 1924

1006. RECORDS—Under 8542 GC. an instrument improperly executed cannot be recorded.

787. MORTGAGES—Mortgage improperly executed has no effect against third party lienholders although knowing of mortgage at time lien is acquired.

2. When lienholder is merely assignee of purchase money mortgage, defectively executed mortgage takes priority.

WASHBURN, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to determine the priority of two mortgages. Flesariu gave a mortgage

to the Priority Company. This mortgage was defectively executed in that it had but one attesting witness, which mortgage was recorded. Later, Flesariu deeded the real estate to Murphy, not mentioning in the deed the Priority Company's mortgage, and took back a purchase money mortgage which he later sold and assigned to Cochran, who in turn assigned it to Marsh. Both Cochran and Marsh, at the time of said assignments of said mortgage, knew of the other mortgage and that the Priority Company claimed a lien upon said real estate. In finding a prior lien for the Priority Company the Court of Appeals held:

1. Under 8542 GC. an instrument not being executed according to the requirements of the statute cannot be properly recorded, and therefore as to third parties is not effective.

2. A mortgage improperly executed, while effective as between the mortgagor and the mortgagee is not effective as to third persons who acquire an interest in or lien upon said real estate, even though such third parties have full knowledge of such mortgage and knew that the parties would regard the transaction as creating an equitable mortgage.

3. 8542 GC. should not be construed as to permit Flesariu, the mortgagor, to afterwards acquire a legal title to or a lien in law upon the property superior to the equitable lien thereon which he had himslef created. Under the statute a mortgage is not a lien as to third parties until it is properly executed and recorded, but Flesariu, the maker of the mortgage, was not a third party and his assigns with full knowledge was not a third party, and therefore, Flesariu, not having a prior lien, could not give a prior lien to his assigns.

Attorneys — Slabough, Young, Seiberling, Huber & Guinther, for Priority Mtg. & Inv. Co.; Doolittle, Foust & Holden, for D. E. Marsh; all of Akron.